Case 8:02-cv-01957-SDM   Document 1   Filed 10/23/02   Page 1 of 3 PageID 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
<u>CIVIL DIVISION</u>



<u>**ELIAS E. (LOU) ABUSAID JR.,**</u>

      Plaintiff,

v.

<u>**CITY OF TAMPA as Subrogee**</u>
<u>**of OFFICER MARK W. VAZQUEZ #510**</u>

      Defendant (s).

_____/

CASE No: 8:02-CV-1957-T-23 EAJ

# COMPLAINT

Plaintiff Elias E (Lou) Abusaid Jr., sues Defendant City of Tampa as Subrogee of Officer Mark W. Vazquez #510 and alleges:

1. This is an action for an injunction.

2. Plaintiff Elias E (Lou) Abusaid Jr., 11212 Elmfield Drive, Tampa, Florida 33625 and place of business 1202 North Franklin Street, Tampa, Florida 33602.

3. Defendant City of Tampa 315 E. Kennedy Blvd., Fifth Floor, City Hall, Tampa, Florida 33602.

4. Defendant Tampa Police Officer Mark W. Vazquez # 510 is in fact an employee and representative of Defendant City of Tampa.

5. Plaintiff owns and operates a business that sells bottled water and other non-alcoholic beverages wholesale and retail.

6. Plaintiff has operated his business in the city of Tampa for a period of over two years.

7. On October 27, 2002, **Defendants** employee Officer Mark W. Vazquez entered the Plaintiff's place of business without warrant or consent.

(1)



8. Plaintiff intercepted the above named Defendant and orally notified him with the following:

> (a) Plaintiff informed this Defendant that he was engaging himself in a act of illegal intrusion on the Plaintiffs property and that this Defendant and his confederate where to immededtily leave the said premises.

9. The above mentioned Defendant refuse to leave the premises on the following grounds:

> (a) Defendant believed that he was entitled to enter the premises because he had good reason to believe that the Plaintiff's city business tax receipt was expired.

> (b) Defendant also stated that any business whom purchased a city business tax receipt entitled him to enter there premises with or without the consent of the business owner or its employee's.

10. Plaintiff was then charged with operating a business with an expired business tax receipt, and given a appearance court date.

11. About two hours later, same Defendant returned to the Plaintiff's place of business and ordered the Plaintiff to close his business.

12 Plaintiff informed this Defendant of his right to operate his business and that he had no true authority to close his business.

13. Defendant Officer refused to cease his activity and was frightening the Plaintiff's employee's and customers.

14. Plaintiff soon after locked his front door to prevent Defendant Officer from invading his premises.

15. Defendant Officer then physically removed the keys from Plaintiff's employee by slight force and then unlocked the Plaintiff's door, entered into the Plaintiff's premises at which time the following took place:

> (a) Defendant Officer informed Plaintiff that he was again being placed under arrest for obstruction, soon after the Plaintiff was handcuffed by a other officer and placed in the back seat of his marked city issued police motor vehicle.

> b) Defendant Officer then began to search all of the contents of the Plaintiffs refrigerators, ice cooler and other rooms.

> (c) Defendant Officer let the Plaintiff's employee's and customer to believe that he had a warrant, simply by his actions and behavior.

> (d) Defendant Officer did in fact close the Plaintiff's business.

16. Defendant Officer also stated to the Plaintiff that he had good reason to believe that the Plaintiff's business tax receipt was not going to be renewed by the city of Tampa and that the Defendant Officer will not let the Plaintiff operate his business.

17. Same Defendant Officer has in the past searched the Plaintiff's patrons and employee's without good cause, warrant or consent.

18. On October 20, 2002 Plaintiff spoke to Defendant city business tax receipt supervisor Keith Schram, via- telephone conversation at which time he informed the Plaintiff that he would not renew the Plaintiffs business tax receipt due to a zoning issue, however he would need time to review the Plaintiff's business to properly issue a correct business tax receipt, furthermore this may take some time, but he would allow the Plaintiff to continue to operate his business without fear of enforcement.

19. Plaintiff informed Defendant city supervisor that he already been arrested by Defendant Officer because of now 22 day expired tax receipt.

20. On October 22, 2002 at about 11:30 p.m., Plaintiff's employee Sidney Beacher informed Plaintiff, via-telephone conversation the following:

   (a) He is at, his other place of employment in Ybor City.

   (b) Defendant Officer has already approached him and stated that he will close the Plaintiff's business again if he does not have a current business tax receipt, furthermore Defendant Officer now believes that the Plaintiff is now selling alcohol beverages at his place of business.

21. Plaintiff lost profits and liberty and as a result of the Defendants Officers action. Plaintiff has no adequate remedy at law because the amount of damages is impossible to determine and of a character that cannot be remedied by money. Defendant succeeded in frightening a number of the Plaintiff's customers and will be irreparably damaged if Defendant and Defendant Officer continues to do so, furthermore Plaintiff now fears even if this Honorable Court rules in favor of this injunction, Defendant Officer may not abide to the Court ruling.

**WHEREFORE** Plaintiff demands judgment for a temporary and a permanent injunction prohibiting Defendant's unlawful actions.

Elias E. (Lou) Abusaid Jr., Pro Se
11212 Elmfield Drive
Tampa, Florida 33625
(813) 961-3260
(813) 963-7280 Telecopier